UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORBERT STURDEVANT,

      Petitioner,

v.                                                            Case No. 15-CV-005

MENOMINEE INDIAN TRIBE OF WISCONSIN,

      Respondent.

## ORDER GRANTING MOTION TO DISMISS

Petitioner Norbert Sturdevant, a member of the Menominee Indian Tribe who is currently serving a federal sentence at the United States Penitentiary in Marion, Illinois, filed a petition for a writ of habeas corpus pursuant to the Indian Civil Rights Act (ICRA), 25 U.S.C. § 1303. Petitioner claims his rights under federal and tribal law were violated when the Menominee Tribal Court failed to provide him with a speedy trial on tribal charges instituted in 2007. Respondent has moved to dismiss the petition on several grounds, including that the action is moot because the tribal charges have been dismissed with prejudice. For the reasons below, the motion will be granted.

On April 27, 2007, the Menominee Indian Tribe of Wisconsin filed a criminal complaint charging Petitioner with five violations of Menominee tribal law. A bench warrant was issued when Petitioner failed to appear in tribal court. Around April 2, 2008, Petitioner was arrested on the Menominee Indian Reservation for assaulting a federal officer in violation of 28 U.S.C. § 111. Petitioner was ultimately convicted in this Court and sentenced to eight years incarceration and three years supervised release. Petitioner claims he only learned of the tribal charges after entering federal

custody and he claims he then made several requests to the Tribal Court for a speedy trial, but the Tribe failed to respond.

The right to a speedy trial is guaranteed under federal law as well as the ICRA, 25 U.S.C. § 1302(a)(6). Section 1303 of the ICRA also provides that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the Untied States, to test the legality of his detention by order of an Indian tribe." Petitioner alleges that the outstanding tribal charges and warrant are "causing substantial interference to [his] liberty interest." (ECF No. 2-1 at 24.) His Petition for a Writ of Habeas Corpus challenges this restraint and requests the Court "to immediately dismiss all charges . . . charged by the Menominee Indian Tribe of Wisconsin and that said charges be dismiss[ed] with prejudice." (Pet. 6–7, ECF No. 1.)

This Court screened the petition under Rule 4 of the Rules Governing § 2254 Cases and found that given the apparent delay in proceeding on the tribal charges, Petitioner alleged at least a cognizable claim for relief. The Court also found that federal jurisdiction existed and the custody requirement of habeas corpus existed based on the allegation that the outstanding warrant caused substantial interference with his liberty interest even though he was serving a sentence for a federal crime in a federal prison. Accordingly, the Court ordered the respondent answer or otherwise respond to the petition. (ECF No. 5.)

On March 6, 2015, the respondent timely filed a motion to dismiss the petition on the following grounds: the petition was moot because the tribal prosecutor filed a motion to dismiss the tribal charges with prejudice; the Menominee Indian Tribe of Wisconsin is entitled to sovereign immunity; and Petitioner failed to exhaust tribal remedies. (ECF No. 9.) On March 10, this Court noted that dismissal of the tribal charges is what Petitioner requested in his petition and that vacating

the warrant would remove any restraint on Petitioner caused by the Tribe. The Court noted that dismissal of the tribal charges therefore would appear to render this case moot and directed the respondent to supplement its motion to dismiss with a copy of the order of the Tribal Court granting the Tribe's motion to dismiss and vacating the warrant. The Court also ordered Petitioner to show cause by March 30, 2015 why this action should not be dismissed upon the filing of the Tribal Court order.

The respondent supplemented its motion to dismiss on March 12, 2015 by filing a copy of the order of the Menominee Tribal Court dismissing the charges at issue with prejudice and vacating the outstanding bench warrant. (ECF No. 13.) On March 16, 2015, Petitioner filed a "motion to grant habeas corpus . . . and to dismiss with prejudice." It appeared Petitioner had not yet received notice that the tribal charges were dismissed and Petitioner again demanded immediate dismissal of the tribal charges with prejudice. (ECF No. 14 at 2.) On March 23, 2015, Petitioner filed a response to this Court's order to show cause. Petitioner stated that he had received a copy of the tribal court's order dismissing the charges but that dismissal of the present petition was nonetheless not warranted because he believed the Tribe had not adequately addressed its denial of his rights. Petitioner responded to the arguments in the Tribe's motion to dismiss and again requested an order from this Court dismissing the tribal charges with prejudice. (ECF No. 17 at 9.)

As this Court indicated in its March 10 order, dismissal of the tribal charges renders this case moot. The Tribal Court's order dismissing the tribal charges with prejudice and vacating its warrant removes any limitation on Petitioner's liberty previously caused thereby. No further relief is available by way of habeas corpus. It thus follows that there no longer is a live case or controversy as required under Article III of the U.S. Constitution. Petitioner argues the exception to mootness

3

doctrine that the injury be "capable of repetition, yet evading review" should apply here and he states that a "definitive judgment" of this Court is required under the circumstances. The exception does not apply, however. The tribal charges have been dismissed with prejudice. This means that charges may not be re-issued and the same restriction on his liberty cannot occur.

Accordingly, the respondent's motion to dismiss (ECF No. 9) is granted and the petition and Petitioner's motion for habeas corpus (ECF Nos. 1 & 14) is denied as moot. This action is dismissed and the Clerk is directed to enter judgment accordingly. No Certificate of Appealability shall issue.

**SO ORDERED** this  25th  day of March, 2015.

                                               s/ William C. Griesbach
                                               William C. Griesbach, Chief Judge
                                               United States District Court